UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JENNIFER K., | Case No. 23-12173 |
| Plaintiff, | Judith E. Levy |
| v. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Curtis Ivy, Jr. |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 8, 11)**

Plaintiff Jennifer K. brings this action pursuant to 42 U.S.C. § 405(g), challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying her applications for Disability Insurance Benefits and Supplemental Security Income under the Social Security Act. This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's motion for summary judgment (ECF No. 8), the Commissioner's cross-motion for summary judgment (ECF No. 11), Plaintiff's reply (ECF No. 12) and the administrative record (ECF No. 4).

For the reasons below, it is **RECOMMENDED** that the Court **DENY** Plaintiff's motion for summary judgment (ECF No. 8), **GRANT** Defendant's

motion for summary judgment (ECF No. 11), and **AFFIRM** the Commissioner's decision.

## I. DISCUSSION

### A. Background and Administrative History

Plaintiff alleges her disability began on March 13, 2020, at the age of 51. (ECF No. 8, PageID.449). On January 21, 2021, she applied for disability insurance benefits. (*Id.* at PageID.446). In her disability report, she listed ailments which diminished her ability to work. The ailments included: left tennis elbow; thoracic outlet syndrome; chronic pain and arthritis in bilateral feet' severe arthritis in bilateral wrists, hands, fingers; history of left tibia fracture with arthritis; right torn shoulder girdle; bulging disc L4-L5; and severe arthritis right knee. (ECF No. 4-1, PageID.208). Following the denial, Plaintiff requested a hearing by an Administrative Law Judge ("ALJ"). On September 6, 2022, ALJ Donald G. D'Amato held a hearing, at which Plaintiff and a vocational expert ("VE"), Eric Dennison, testified. (*Id.* at PageID.22). On September 16, 2022, the ALJ issued an opinion which determined that Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.* at PageID.31). Plaintiff later submitted a request for review of the hearing decision. On June 26, 2023, the Appeals Council denied Plaintiff's request for review. (*Id.* at PageID.13). Thus, the ALJ's decision became the Commissioner's final decision.

Plaintiff timely commenced the instant action on August 24, 2023. (ECF No. 1).

B.     **Plaintiff's Medical History**

The relevant portions of Plaintiffs' medical record are discussed as required in the analysis portion of this Report and Recommendation.

C.     **The Administrative Decision**

Pursuant to 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), at **Step 1** of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 13, 2020 the alleged onset date. (ECF No. 4-1, PageID.24). At **Step 2**, the ALJ found that Plaintiff had the following severe impairments: right knee osteoarthritis, left epicondylitis (tennis elbow), lumbar and cervical degenerative disc disease, thoracic outlet syndrome (TOS), abdominal adhesions, and obesity. (*Id.* at PageID.25). At **Step 3**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (*Id.*). **Between Steps 3 and 4** of the sequential process, the ALJ evaluated Plaintiff's residual functional capacity ("RFC")[1] and determined that Plaintiff had the RFC:

> to perform light work . . . limited to simple, routine tasks. She requires a restroom available for employees on the

---

[1] The claimant's "residual functional capacity" is an assessment of the most the claimant can do in a work setting despite his or her physical or mental limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a); *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002).

>work premises.  She can lift and/or carry ten pounds frequently, and twenty pounds occasionally (from very little up to one third of an 8-hour workday).  She can stand and/or walk (with normal breaks) for six hours in an 8-hour workday, but requires the opportunity to stand for fifteen minutes at one time before needing to sit for two minutes before resuming standing, so long as she is not off task.  She can sit (with normal breaks) for six hours in an 8-hour workday, but requires the opportunity to sit for thirty minutes at one time before needing to stand for two minutes before resuming sitting, so long as she is not off task.  She can perform activities requiring bilateral manual dexterity for both gross and fine manipulation, with handling and reaching, for two-thirds of an 8-hour workday.  She needs to avoid hazards, such as moving machinery and unprotected heights, but does not need to avoid hazards typically found in the workplace, such as boxes on the floor or ajar doors.  Her job responsibilities should not include the use of hand-held vibrating or power tools.  She needs to be restricted to a work environment with good ventilation that allows her to avoid frequent concentrated exposure to extreme heat, extreme cold, and high humidity.  She can occasionally stoop, crouch, kneel, crawl, and climb stairs with handrails, but needs to avoid climbing ladders, scaffolds, and ropes.

(*Id.*).  At **Step 4**, the ALJ determined that Plaintiff was unable to perform any past relevant work.  (*Id.* at PageID.30).  At **Step 5**, considering Plaintiff's age, education, work experience, and RFC, the ALJ determined there were existing jobs in significant numbers within the national economy that Plaintiff could perform, such as information clerk, furniture rental consultant, shipping/receiving weigher.  (*Id.* at PageID.31).  The ALJ therefore concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, since January 21, 2021.  (*Id.* at

4

PageID.31).

### D. Framework for Disability Determinations

Disability is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In evaluating whether a claimant is disabled, the Commissioner is to consider, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in the regulations; (4) can return to past relevant work; and (5) if not, whether he or she can perform other work in the national economy. 20 C.F.R. §§ 404.1520, 416.920.[2] The Plaintiff has the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five to demonstrate that there is work available in the national economy the claimant can perform. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) ("[D]uring the first four steps, the claimant has the burden of proof; this burden shifts to the Commissioner only at Step Five.") (citing *Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 148 (6th Cir. 1990)).

---

[2] Citations to the regulations or Social Security Rulings are to those effective on the date of the application for disability benefits or the ALJ's decision, where appropriate, unless otherwise indicated.

### E. Standard of Review

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. at 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. at 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). In deciding whether substantial evidence supports the ALJ's decision, the court does "not try the case *de novo*, resolve conflicts in evidence or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant.").

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from

[the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Even so, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### F.     Analysis

Plaintiff argues that the ALJ's decision is not supported by substantial evidence because the hypothetical question the ALJ posed to the VE did not match the wording of the more restrictive sit-stand opinion in the RFC finding. (ECF No. 8, PageID.446). Because of this, she claims that the ALJ did not meet his step five burden of proving that there were substantial jobs she could perform with her RFC restrictions. (*Id.* at PageID.461).

Plaintiff states that the ALJ first asked the VE about whether there were jobs that fit Plaintiff's restriction "to no more than four hours of standing or walking in

an eight-hour day." (*Id.* at PageID.454). This, Plaintiff claims, accurately stated her restrictions. (*Id.*). She then argues that the ALJ restated the hypothetical, this time "omit[ing] the requirement that [she] be allowed to sit for thirty minutes at a time with a two-minute break to stand before being allowed to sit again." (*Id.*). Because of this, Plaintiff claims it is unclear whether "the VE was aware the ALJ intended to include the sitting restriction from the first hypothetical when he responded to the second." (*Id.* at PageID.455).

Defendant claims that the ALJ's decision was substantially supported because the ALJ properly considered the record in determining Plaintiff's ability to work. (ECF No. 11, PageID.471-472). Defendant then claims that the ALJ's step five finding is supported by substantial evidence because the hypothetical accurately portrayed Plaintiff's physical and mental impairments. (*Id.* at PageID.474). In particular, the VE confirmed that it was unnecessary for the ALJ to repeat the entire first hypothetical because he had the information and was aware of Plaintiff's limitations. (*Id.* at PageID.475).

In the transcript, the ALJ posed a series of questions based on the RFC. (ECF No. 4-1, PageID.65). In the first question, the ALJ stated

> assume an individual of the Claimant's age, education, and past work experience with the following limitations. Requires work limited to simple, routine tasks. The individual requires a restroom on the premises available for employees. Can lift and or carry 10 pounds frequently and 20 pounds occasionally, very little up to

8

> one-third of an eight-hour workday. Can stand and or walk for four hours in an – with normal breaks for four hours in an eight-hour workday. The individual requires the opportunity to stand for 15 minutes at one time before needing to sit for 2 minutes before resuming standing so long as they are not off task. Can sit with normal breaks for six hours in an eight-hour workday. The individual requires the opportunity to sit for 30 minutes at one time before needing to stand for two minutes before resuming sitting so long as they are not off task. Can perform pushing and pulling motions with the upper and lower extremities within the aforementioned weight restrictions for two-thirds of an eight hour workday. Can perform activities requiring bilateral manual dexterity for both gross and fine manipulation with handling and reaching for two-thirds of an eight-hour workday. Needs to avoid hazards such as moving machinery and unprotected heights but does not need to avoid hazards typically found in the workplace such as boxes on the floor or ajar doors. Job responsibilities do not include the use of handheld, vibrating or power tools. Needs to be restricted to a work environment with good ventilation that allows the individual to avoid frequent concentrated exposure to extreme heat, extreme cold, and high humidity. Can perform occasionally climbing stairs with handrails, stooping . . . crouching, kneeling, and crawling, but needs to avoid climbing ladders, scaffolds, and ropes.

(*Id.* at PageID.65-66). This accurately stated the RFC.

The VE responded and said such an individual cannot do Plaintiff's past work. (*Id.*). The VE then asked for clarification on the lifting requirement, and the ALJ repeated that the weight requirement was lifting ten pounds frequently, and 20 pounds from very little up to one third of an eight-hour workday. (*Id.* at PageID.67). The VE said "I just wanted to make sure I heard correctly," and

9

determined that he would be "more inclined to identify sedentary work for this hypothetical." (*Id.*).

The ALJ then, "for the sake of the hypothetical," said "let's do the standing at six but everything else remains the same." (*Id.* at PageID.68). He asked whether the VE wanted him "to repeat it[.]" (*Id.*). The VE responded and said "[n]o, I have it here," but the ALJ summarized the hypothetical as "can stand or walk with normal breaks for six hours in an eight-hour workday," and that "[t]he individual requires the opportunity to stand 15 minutes at one time before needing to sit for 2 minutes before resuming standing." (*Id.*). The VE then determined, based on this revised hypothetical, that "there would be some positions" that such an individual could perform. (*Id.*).

The ALJ then continued to give related hypotheticals, such as adding a limitation of "off task greater than 15% per work day" or "miss two workdays per month." (*Id.* at PageID.69). When offering these hypotheticals, the ALJ did not repeat the original RFC. (*Id.* at PageID.68-71).

"An ALJ may rely on a vocational expert's response to a hypothetical question if that question was based on limitations that were properly credited by the ALJ and supported by substantial evidence in the record." *Keeton v. Comm'r of Soc. Sec'y*, 583 F. App'x 515, 533 (6th Cir. 2014) (internal citations omitted)). "In order for a vocational expert's testimony to constitute substantial evidence that

10

a significant number of jobs exists in the economy, 'the question[s] must accurately portray a claimant's physical and mental impairments.'" *Id.* (citing *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010)). The ALJ's original question which restated the RFC makes it clear that the ALJ understood Plaintiff's limitations. An ALJ "is not required to repeat the medical findings of limitations verbatim in his hypothetical question." *Bielat v. Comm'r of Soc. Sec.*, 267 F. Supp. 2d 698, 702 (E.D. Mich. 2003) (internal citations omitted). The hypothetical "must adequately reflect those limitations, though." *Id*.

The ALJ also asked a number of hypotheticals without repeating the RFC in its entirety. In this way, the hypotheticals "were clear and without inconsistency." *Branon v. Comm'r of Sox. Sec'y*, 539 F. App'x 675, 679 (6th Cir. 2013). Common sense dictates that when the VE states he has the information and that the ALJ need not repeat his question, there was no error made in the second hypothetical question. It is not reasonable to conclude that the VE was responding to a hypothetical that no longer included the standing or walking restriction or the required sitting allowance.

Additionally, though the ALJ repeated some qualities of the RFC and not all of them when restating the hypothetical, harmless or minor errors in the questions do not cause harm. *Evans v. Comm'r of Sox. Sec'y*, 2015 WL 12697718 (E.D. Mich. June 25, 2015) ("to the extent that the ALJ erroneously considered

11

Plaintiff's age to be 40 years old instead of 50, Plaintiff has alleged no harm caused directly through this error."); *Deaton v. Astrue*, 2011 WL 4064028, at *5 (S.D. Ohio Sept. 13, 2011) (discrepancy reflected harmless error). This second statement also "took into account" Plaintiff's limitations and though it "did not repeat the diagnostic language," it did state the standing or walking with normal breaks limitation and the opportunity to stand 15 minutes at one time before needing to sit limitations, which, though not completely comprehensive, imply the limitations reflected in the RFC. *Hand v. Comm'r of Soc. Sec'y*, 2009 WL 804752 (E.D. Mich. Mar. 25, 2009).

"So long as the hypothetical is accurate, the administrative law judge may rely on the vocational expert's testimony to find that the plaintiff can perform a significant number of jobs in the national economy." *Branon*, 539 F.App'x at 679.

Additionally, though an ambiguous hypothetical "prevents . . . meaningful review," the hypothetical here was not ambiguous. *Willis v. Saul*, 2021 WL 925229, at *6 (E.D. Mich. Feb. 17, 2021) (internal citations omitted). In *Lewis v. Saul*, which the Plaintiff cites, an ALJ asked three questions. 2019 WL 3228632, at *6 (E.D. Mich. July 1, 2019). The first stated an individual "[c]an sit for up to two hours at a time and up to four to five hours" and that the individual "[c]an stand up to two hours at a time and stand or walk for up to two hours at a time." *Id*. The modification simply stated "[a]ssume the same hypothetical as above,

except this individual would modify the sit/stand option. Consider stand for up to 30 minutes in each position." *Id.* The court concluded that this modified hypothetical was "too ambiguous" because the modified hypothetical sought to modify the sit/stand option even though "the prior hypothetical did not include such a limitation to be modified." *Id.* It was also unclear which component of the first hypothetical the ALJ sought to modify. The situation here differs. The ALJ very clearly stated "everything else remains the same" but the standing, which should be "at six." (ECF No. 4-1, PageID.67). The original hypothetical stated that the individual "[c]an stand and or walk for four hours." (*Id.* at PageID.67-68). This clearly was the standing requirement which was being modified. The ALJ also restated the requirement "can stand or walk with normal breaks for six hours in an eight-hour workday." (*Id.*). Though Plaintiff argues that "it is reasonable to conclude that the VE was responding to a hypothetical he believed no longer included the standing or walking restriction . . . *or* the required allowance for sitting" it appears as though the VE was competent in the requirements of the first hypothetical and knew, without ambiguity, the modifications the second hypothetical posed.

Finally, Plaintiff claims that "courts in this district have remanded where the ALJ's hypothetical fails to include the 'desired frequency of position changes.'" (ECF No. 8, PageID.457). This may be so. But in this matter, the initial

13

hypothetical does include the desired frequency of position changes. The modifications are specific and state the exact change in hours, and not generic as Plaintiff suggests. Because the modifications are clear, they have not "created an impediment to our ability to fully review the ALJ's Step Four and Step Five analyses." *Stoodt v. Comm'r of Soc. Sec.*, 2023 WL 5337850, at *14 (N.D. Ohio Aug. 4, 2023).

### G. Conclusion

Plaintiff has the burden of proof on her statements of error. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). Plaintiff has not shown legal error that would upend the ALJ's decision. For all these reasons, it is **RECOMMENDED** that the Court **DENY** Plaintiff's motion for summary judgment (ECF No. 8), **GRANT** Defendant's motion for summary judgment (ECF No. 11), and **AFFIRM** the Commissioner of Social Security's decision.

## II. PROCEDURE ON OBJECTIONS

The parties here may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections lack merit, it may rule without awaiting the response.

Date: July 15, 2024                                    s/Curtis Ivy, Jr.
                                                      Curtis Ivy, Jr.
                                                      United States Magistrate Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on July 15, 2024.

                                              <u>s/Sara Krause</u>
                                              Case Manager