# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Jennifer M. K.,

               Plaintiff,       Case No. 23-cv-12173

v.                          Judith E. Levy
                          United States District Judge
Commissioner of Social Security,

                          Mag. Judge Curtis Ivy, Jr.
               Defendant.

_____/

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [13], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [8], AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [11]

On July 15, 2024, Magistrate Judge Curtis Ivy, Jr. issued a Report and Recommendation ("R&R") (ECF No. 13) recommending that the Court deny Plaintiff Jennifer M. K.'s motion for summary judgment (ECF No. 8), grant Defendant Commissioner of Social Security's motion for summary judgment (ECF No. 11) and affirm the Commissioner's decision to deny Plaintiff benefits under the Social Security Act. On July 29, 2024, Plaintiff filed a timely objection to the R&R under Federal Rule of Civil

Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d). (ECF No. 14.) Defendant responded to the objection. (ECF No. 15.)

For the reasons set forth below, Plaintiff's objection is overruled and the R&R is adopted. Accordingly, Plaintiff's motion for summary judgment is denied, Defendant's motion for summary judgment is granted, and the Commissioner's decision is affirmed.

## I.    Background

The Court adopts by reference the background set forth in the R&R, having reviewed it and finding it to be accurate and thorough.[1] (*See* ECF No. 13, PageID.491–495.)

## II.    Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a *de novo* standard of review. *See* 28 U.S.C.

---

[1] For purposes of clarity, the Court notes that Plaintiff's residual functional capacity includes an additional limitation not mentioned in the R&R (ECF No. 13, PageID.494): "She can perform pushing and pulling motions with the upper and lower extremities within the aforementioned weight restrictions for two-thirds of an 8-hour workday." (ECF No. 4-1, PageID.25.) The Court also notes that the ALJ concluded that Plaintiff "ha[d] not been under a disability, as defined in the Social Security Act, from March 13, 2020, through the date of this decision." (*Id.* at PageID.31.) The R&R provides a different time frame for the ALJ's finding. (ECF No. 13, PageID.494.)

§ 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018) (alteration in original). Objections that restate arguments already presented to the magistrate judge are improper, *see Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that dispute the general correctness of the report and recommendation, *see Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id*. (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (stating that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, objections must be clear and specific enough that the Court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

In *Biestek v. Berryhill*, 139 S. Ct. 1148 (2019), the Supreme Court articulated the standard the district court must apply when conducting its *de novo* review. The Court indicated that the phrase "substantial evidence" is a "term of art." *Id*. at 1154 (internal citation omitted). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Id*. (alteration in original) (internal citation omitted). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . is 'more than a mere scintilla.'" *Id*. (internal citations omitted). Specifically, "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (internal citations omitted). "[I]f substantial evidence supports the ALJ's [administrative law judge's] decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

### III.  Analysis

Plaintiff objects to the R&R's determination that "[c]ommon sense dictates that when the VE [vocational expert] states he has the information and that the ALJ need not repeat his question, there was no error made in the second hypothetical question." (ECF No. 14, PageID.508–509 (quoting ECF No. 13, PageID.501).) Plaintiff argues that the second hypothetical was ambiguous because the ALJ "repeated only part of the sit-stand option." (*Id.* at PageID.508; *see id.* at PageID.509.) Plaintiff argues that it is unclear whether the VE "understood th[at the ALJ's] modified hypothetical still included a requirement that the individual be allowed to sit for 30 minutes, before standing for two minutes, before sitting again." (*Id.* at PageID.509.) Plaintiff believes that certain portions of the VE's answers "indicate[ ] he was responding to the hypothetical as presented by the ALJ, even if [the VE] had previously indicated he had the rest of the hypothetical question before him." (*Id.* at PageID.510.)

Plaintiff's objection is denied as improper because it repeats arguments that were before Magistrate Judge Ivy (*see* ECF No. 8, PageID.455–456; ECF No. 12, PageID.485–488) and because the

objection fails to identify a factual or legal error in the R&R. The R&R thoughtfully addresses Plaintiff's arguments and properly rejects them. "The Court is not obligated to reassess the identical arguments presented before the Magistrate Judge with no identification of error in the Magistrate Judge's recommendation." *Pearson v. Comm'r of Soc. Sec.*, No. 2:15-cv-14031, 2017 WL 1190947, at *3 (E.D. Mich. Mar. 31, 2017) (internal citations omitted); *see McClure v. Comm'r of Soc. Sec.*, No. 20-12517, 2022 WL 730631, at *1 (E.D. Mich. Mar. 10, 2022) (stating that objections "that merely reiterate[ ] arguments previously presented, [without] identify[ing] alleged errors on the part of the magistrate judge" are "invalid" (alterations in original) (internal citation omitted)); *Melvin v. Comm'r of Soc. Sec.*, No. 2:18-cv-13405, 2020 WL 967479, at *2 (E.D. Mich. Feb. 28, 2020) (overruling the plaintiff's objection as improper because the plaintiff was "merely rehashing his argument from his motion for summary judgment," which "[t]he magistrate judge sufficiently addressed and properly rejected"); *Pangburn v. Comm'r of Soc. Sec.*, No. 16-13393, 2018 WL 992219, at *6 (E.D. Mich. Feb. 21, 2018) (overruling improper objections that "simply reiterate the arguments

presented to the Magistrate Judge in the summary judgment briefing" (citing *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004)).

Plaintiff now expresses general disagreement with the R&R's findings, which is also improper for an objection. This court has stated that

> [w]hen a party properly objects to portions of a magistrate judge's report and recommendation, the Court reviews such portions *de novo*. *See* Fed. R. Civ. P. 72(b). However, only specific objections that pinpoint a source of error in the report are entitled to *de novo* review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). General objections—or those that do nothing more than disagree with a magistrate judge's determination, without explaining the source of the error—have "the same effect[ ] as would a failure to object." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). That is, such objections are not valid, and the Court may treat them as if they were waived. *See Bellmore-Byrne v. Comm'r of Soc. Sec.*, No. 15-11950, 2016 WL 5219541, at *1 (E.D. Mich. Sept. 22, 2016) (citing *id.*).

*McClure*, 2022 WL 730631, at *1. Because Plaintiff's objection restates arguments that were previously before Magistrate Judge Ivy, fails to identify an error in the R&R, and disagrees with the R&R in a general fashion, the objection is invalid and is overruled.

Even upon a review of the merits of the objection, Plaintiff's objection is still overruled. Plaintiff argues that the VE's "subsequent

responses"—after he informed the ALJ that he had the hypothetical in front of him and did not need it repeated—"indicate [the VE] was . . . responding to [a] modified hypothetical."[2] (ECF No. 14, PageID.509.) This argument is unpersuasive. The portions of the hearing transcript that Plaintiff emphasizes in her objection (and in her reply) (*id.*; ECF No. 12, PageID.486; *see supra* note 2) do not establish that the VE responded to a "modified hypothetical" that excluded "a requirement that the individual be allowed to sit for 30 minutes, before standing for two

---

[2] Plaintiff presents the relevant part of the exchange between the ALJ and the VE—including the VE's "subsequent responses" discussed above—as follows:

> ALJ: Okay. So, for sake of the hypothetical let's do the standing at six but everything else remains the same. Total standing six. Do you want me to repeat it?

> VE: No, I have it here. I'm --

> ALJ: Okay. Yeah, can stand and or walk with normal breaks for six hours in an eight-hour workday. The individual requires the opportunity to stand 15 minutes at one time before needing to sit for 2 minutes before resuming standing so long as they're not off task.

> VE: Thank you, sir. **Then** there would be some positions --

> ALJ: Sure.

> VE: -- I could identify with **that** . . .

(ECF No. 14, PageID.509 (emphasis in original) (quoting ECF No. 4-1, PageID.68); *see* ECF No. 12, PageID.486.)

minutes, before sitting again." (ECF No. 14, PageID.509.) Moreover, the Court notes that the VE asked Plaintiff and the ALJ for clarification at various points during the hearing. (*See, e.g.*, ECF No. 4-1, PageID.62–67.) The VE could have clarified any ambiguity he may have perceived regarding the second hypothetical but apparently had no need to do so.

Plaintiff faults the ALJ for repeating the "standing at-one-time restriction" when he gave the second hypothetical without repeating the "sitting at-one-time allowance" from the first hypothetical. (ECF No. 14, PageID.511.) According to Plaintiff, the ALJ's failure to repeat the "sitting at-one-time allowance" means that he "repeated only part of the sit-stand option" that was eventually included in the residual functional capacity determined by the ALJ for Plaintiff. (*Id.* at PageID.508; *see* ECF No. 4-1, PageID.25.) But Plaintiff does not show that the ALJ was required to repeat both components of the sit-stand option for the VE to comprehend the hypothetical, particularly given that the VE confirmed that he had the information he needed and did not ask the ALJ for clarification.

Plaintiff states that "when presenting the second hypothetical, the ALJ *chose* to include more than just the one change regarding total

9

standing; he repeated the standing at-one-time restriction again as well."
(ECF No. 14, PageID.511 (emphasis in original).) Plaintiff argues that
"[r]ather than implying the inclusion of the sitting at-one-time allowance,
the ALJ's phrasing implied the opposite: that the second hypothetical
included only the standing restriction." (*Id.*) Yet how Plaintiff reaches
this conclusion is unclear. She does not explain her reasoning or support
this assertion with citations to any applicable authority or the record.

Regardless, Plaintiff provides no basis for the Court to conclude
that the ALJ's failure to specifically mention the "sitting-at-one-time
allowance" implies "that the second hypothetical included only the
standing restriction." (*Id.*) The ALJ indicated that "everything else" in
the second hypothetical except for standing for six hours "remain[ed] the
same" as in the first hypothetical. (ECF No. 4-1, PageID.68; *see supra*
note 2.) The ALJ then recited the updated standing restriction and the
unchanged "standing at-one-time restriction." (*Id.*) But at no point during
the hearing did the ALJ state that the "sitting at-one-time allowance" did
not apply to the second hypothetical. Instead, the ALJ instructed that the
remaining limitations from the first hypothetical carried over into the

second hypothetical. Those limitations were not repeated—but there is no indication that they were excluded.[3]

In sum, Plaintiff's objection lacks merit. Plaintiff does not show that the R&R is mistaken. Accordingly, Plaintiff's objection is overruled.

## IV.   Conclusion

For the reasons set forth above, the Court ADOPTS the Magistrate Judge's R&R. (ECF No. 13.) Plaintiff's motion for summary judgment is DENIED (ECF No. 8), Defendant's motion for summary judgment is GRANTED (ECF No. 11), and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

Dated: September 24, 2024          s/Judith E. Levy
      Ann Arbor, Michigan          JUDITH E. LEVY
                                   United States District Judge

---

[3] In fact, the ALJ stated toward the end of the hearing that the second hypothetical included restrictions from the first hypothetical that were not repeated, such as the first hypothetical's limitations on (1) lifting and/or carrying and (2) sitting. (ECF No. 4-1, PageID.70 ("[H]ypothetical number two" is "[t]he one with the 10/20 occasionally, six, six.").) Therefore, the second hypothetical was not limited to only the restrictions on standing that the ALJ provided to the VE for that hypothetical. Following the ALJ's explanation, the VE did not ask questions or revise his answer to the second hypothetical.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 24, 2024.

<u>s/William Barkholz</u>
WILLIAM BARKHOLZ
Case Manager